**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| MICHAEL JAY GRATON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Warden CAMON, DR. MOODY, GDOC | : | NO. 7:09-CV-99 (HL) |
| Comm'r BRIAN OWENS, Medical | : | |
| Director Dr. SHARON LEWIS, and | : | |
| JANE DOE I, | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **MICHAEL JAY GRATON**, an inmate at the Robert L. Patton Probation Detention Center ("RLPPDC") in Lakeland, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil

Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See **Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff alleges that he suffers from a "pustulating skin condition which festers and busts causing sores which bleed." According to plaintiff, other inmates at the RLPPDC suffer from a similar condition. Plaintiff is being treated with steriods, which he claims provide virtually no relief from the pain and do not cure the condition. Plaintiff is in such pain that "it hurts to bend [his] fingers and even to sit down." Plaintiff seeks in this action injunctive relief in the form of proper medical treatment.[1] He names as defendants "Jane Doe I," John Doe Georgia Commissioner of Corrections ("GDOC"), Dr. Moody, Warden Camon, and John Doe Director of Medical Services.

---

[1] Plaintiff also asks that this Court fire the defendants. This Court has no authority to order that the defendants be fired. The decision whether to fire the defendants is for their supervisors within the Georgia Department of Corrections, not this Court.

## III. DISCUSSION

### A. "Jane Doe I"

The identity of "Jane Doe I" is unclear. The Eleventh Circuit Court of Appeals has held that a plaintiff may sue an unknown defendant only when he sufficiently identifies the defendant to allow service of process. *Moulds v. Bullard*, 2009 WL 2488182 (11th Cir. Aug. 17, 2009); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir.1992). In the present case, plaintiff has not adequately identified "Jane Doe I" to allow service. Moreover, plaintiff seeks injunctive relief only and there is no indication how "Jane Doe I" might provide such relief. Accordingly, it is **RECOMMENDED** that "Jane Doe I" be **DISMISSED** as defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

### B. Remaining Defendants

Unlike "Jane Doe I," the two remaining John Does are readily ascertainable as GDOC Commissioner Brian Owens and GDOC Medical Director Dr. Sharon Lewis. It is by no means clear that plaintiff will ultimately prevail on the merits. Considering plaintiff's allegations in their totality and construing the complaint liberally in favor of the plaintiff, however, this Court concludes that plaintiff has made sufficient allegations to withstand the frivolity review. Accordingly, the Court will permit plaintiff's complaint for injunctive relief to go forward against these two defendants as well Warden Camon and Dr. Moody.

## *VI. CONCLUSION*

In a separate order, the undersigned has directed that plaintiff's lawsuit go forward against defendants GDOC Commissioner Brian Owens, GDOC Medical Director Dr. Sharon Lewis, Warden Camon, and Dr. Moody.  The undersigned **RECOMMENDS** that "Jane Doe I" be **DISMISSED** from this action.

**SO RECOMMENDED**, this 10th day of September, 2009.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE